# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**BRENDAN A. HURSON**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

December 8, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:     *Flaubert M. o.b.o. F.W.M. v. Kilolo Kijakazi, Acting Commissioner, Social Security
        Administration*
        Civil No. 21-3141-BAH

Dear Counsel:

On December 9, 2021, Plaintiff Flaubert M. ("Plaintiff"), who appears *pro se* on behalf of his minor son, F.W.M., petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to affirm the SSA's reduction in F.W.M.'s monthly Supplemental Security Income ("SSI") benefits.  ECF 1.  This case was then referred to me with the parties' consent.  *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021).  I have considered the record in this case (ECF 14) and the parties' cross-motions for summary judgment (ECFs 17 and 19).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision.  This letter explains why.

## I.     PROCEDURAL BACKGROUND

The SSA found F.W.M. to be disabled within the meaning of the Social Security Act[1] in 2004 and he has received SSI benefits since that time.  Tr. 4.  On August 5, 2015, the SSA informed Plaintiff that, beginning September 1, 2015, F.W.M.'s benefits would be reduced to $488.67 per month, because F.W.M. "received food or shelter from adult children living in his household . . . ."  Tr. 4, 104–07.  On August 4, 2015, Plaintiff filed a request for reconsideration, disputing the reduction in F.W.M.'s benefits, which the SSA denied on August 31, 2015.  Tr. 108–10.

An ALJ held a hearing on March 8, 2017, and issued a decision on August 1, 2017, finding that the SSA field office "correctly calculated the reduction of [F.W.M.'s] monthly SSI benefit for the purpose of deeming and collection of an overpayment beginning September 1, 2015."  Tr. 112–14, 52–60.  The Appeals Council denied Plaintiff's request for review.  Tr. 61–64.  On December 3, 2018, Plaintiff petitioned this Court to review the SSA's August 1, 2017, decision upon several grounds, including that the decision was not supported by substantial evidence.  Tr. 66.

On September 18, 2019, this Court issued an opinion and order remanding Plaintiff's case

---

[1] 42 U.S.C. §§ 301 et seq.

*Flaubert M. o.b.o. F.W.M. v. Kijakazi*
Civil No. 21-3141-BAH
December 8, 2022
Page 2

to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g).  Tr. 65–70; *see Flaubert M. o.b.o. F.W.M. v. Comm'r, Soc. Sec. Admin*., No. CV SAG-18-3716, 2019 WL 4464404, at *1 (D. Md. Sept. 18, 2019).  In its opinion, the Court held that substantial evidence supported the ALJ's finding that Plaintiff's adult children lived in the same household as Plaintiff and F.W.M. during the relevant time frame.  Tr. 68.  However, as to the question of whether "the ALJ applied the correct legal standards in determining the amount of F.W.M.'s monthly benefits," the Court held that it was unable to determine whether substantial analysis supported the ALJ's decision, because "[t]he ALJ did not explain her application of the regulations she cited as applicable law in this case[,] . . . did not cite any case law or other authority to support her conclusion that the SSA's calculations were correct," and "did not explain the method she used to calculate F.W.M.'s benefits . . . ."  Tr. 68–69.  As such, the Court remanded the case for further analysis.  Tr. 69.

On remand, a different ALJ held a hearing on July 30, 2021, and issued a decision on August 13, 2021, finding that the SSA correctly calculated in-kind support and maintenance from September 1, 2015, to November 1, 2016.  Tr. 1–11, 12–38.  Plaintiff then petitioned this Court to review the SSA's August 13, 2021 decision.  ECF 1.  Because the Appeals Council denied Plaintiff's request for review, Tr. 61–64, the ALJ's decision constitutes the final, reviewable decision of the SSA.  *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).

A disabled individual is eligible for SSI benefits if his income and resources do not exceed statutory limits.  20 C.F.R. §§ 416.202, 416.1100, 416.1205.  Benefits are periodically adjusted according to the amount of a recipient's income.  20 C.F.R. § 416.1100.  For SSA purposes, income is "anything you receive in case or in kind that you can use to meet your needs for food or shelter." 20 C.F.R. § 416.1102.  The SSA calculates a claimant's income and resources and applies rules and guidelines to determine a claimant's monthly benefits.  *See* 20 C.F.R. § 416.1104; *see also* 20 C.F.R. §§ 416.1120 et seq., 416.1130 et seq., 416.1160 et seq.  "In some situations [the SSA] may consider the income of certain people with whom [the claimant] live[s]," *see* 20 C.F.R. § 416.1104, and in certain circumstances, the SSA may "deem" another person's income to be the income of the recipient.  20 C.F.R. § 416.1160.

In calculating a claimant's monthly benefits, the SSA considers "in-kind support and maintenance" ("ISM"), which it defines as "any food or shelter that is given to you or that you receive because someone else pays for it."  20 C.F.R. § 416.1130.  The SSA calculates the value of ISM according to either of two rules: (1) the "one-third reduction rule" and (2) the "presumed value rule."  *Id.*  The one-third reduction rule "applies if you are living in the household of a person who provides you with both food and shelter."  *Id.*  An individual is considered to be "living" in another person's household for purposes of the one-third reduction rule if the other person provides

*Flaubert M. o.b.o. F.W.M. v. Kijakazi*
Civil No. 21-3141-BAH
December 8, 2022
Page 3

support and maintenance and is not a spouse, a minor child, or "[a]n ineligible person (your spouse, parent, or essential person) whose income may be deemed to you as described in §§ 416.1160 through 416.1169." 20 C.F.R. § 416.1132. If the one-third reduction rule is not applicable, the SSA applies the presumed value rule. 20 C.F.R. § 416.1130. The presumed value rule assumes that the actual dollar value of any food or shelter the individual received is worth a maximum value equal to one-third of the Federal benefit rate plus the amount of the general income exclusion described in 20 C.F.R. § 416.1124(c)(12). *See* 20 C.F.R. § 416.1140. The presumed value rule's presumption is rebuttable, meaning that an individual may demonstrate to the SSA that the current market value of any food or shelter they receive, minus any payment toward them, is lower than the presumed value. *Id.*

Here, the ALJ acknowledged, as an initial matter, that F.W.M. became eligible for benefits on June 1, 2014. Tr. 6. The ALJ then found that F.W.M. "had ISM not subject to any exception" during his period of eligibility. Tr. 7. Lastly, the ALJ: (1) found that F.W.M.'s ISM from September 1, 2015, to November 1, 2016, affected the calculation of his SSI benefits; (2) conducted a calculation of F.W.M.'s ISM pursuant to the presumed value rule; and (3) found that the SSA appropriately calculated F.W.M.'s ISM in its initial determination. Tr. 7–8.

## III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.   ANALYSIS

Plaintiff raises two arguments on appeal. First, Plaintiff argues that the ALJ's decision constituted error because the issue remanded to the SSA by this Court was no longer justiciable at the time the decision was issued. ECF 17, at 1–4. Second, Plaintiff argues that the ALJ's decision "was faulty because it ignored the substantial evidence and thus was not based on proper legal criteria." *Id.* at 5. Defendant counters that: (1) the ALJ's determination regarding ISM and application of the presumed value rule was supported by substantial evidence and (2) the issue before the ALJ was not moot because the SSA's hearing notice informed Plaintiff of the issues on remand, and Plaintiff offered no objection to the issues presented therein. ECF 19-1, at 7–11.

*Flaubert M. o.b.o. F.W.M. v. Kijakazi*
Civil No. 21-3141-BAH
December 8, 2022
Page 4

As an initial matter, a careful review of the record shows that the ALJ's decision was supported by substantial evidence. As stated above, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of correct legal standards. *See Coffman*, 829 F.2d at 517. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale in crediting the evidence. *See, e.g.*, *Sterling*, 131 F.3d at 439–40. Against this backdrop, the Court considers whether the ALJ's decision regarding the sole issue on remand—"whether, during the period of entitlement to [SSI, F.W.M.] received in-kind support and maintenance . . . that would result in a reduction of or ineligibility for SSI benefits"— was supported by substantial evidence. Tr. 5; *see also* Tr. 68–70.

Here, the ALJ began with an explanation of the relevant SSA regulations governing the receipt and calculation of ISM. Tr. 6. The ALJ noted that, while Plaintiff denied that F.W.M. received ISM because "no adult children were living in his household during the period in question," he found "the record lacking to find for claimant on this matter."[2] Tr. 7. The ALJ then explained that F.W.M.'s ISM was subject to evaluation under the presumed value rule because "his household included non-parental adults over the period at issue." *Id.*; *see also* 20 C.F.R. § 416.1141 ("The presumed value rule applies whenever we must count in-kind support and maintenance as unearned income and the one-third reduction rule does not apply."). The "maximum value" of any food or shelter received pursuant to the presumed value rule is "one-third of [a claimant's] Federal benefit rate plus the amount of the general income exclusion described in § 416.1124(c)(12)." 20 C.F.R. § 416.1140. The ALJ employed this formula to calculate F.W.M.'s ISM pursuant to the respective Federal benefit rates in place during F.W.M.'s period of SSI eligibility. Tr. 7. Finally, based upon this calculation, the ALJ concluded that the SSA correctly reduced F.W.M.'s SSI benefits from September 1, 2015 to November 1, 2016, pursuant to Section 1611 of the Social Security Act. Tr. 8.

Given this analysis, the ALJ properly complied with this Court's direction on remand to explain: (1) what legal principles were applied in calculating ISM; (2) how ISM was calculated; and (3) what effect Plaintiff's two adult children had on the method of calculation. Tr. 68–69. While Plaintiff appears to take issue with the SSA's *overall* calculation of F.W.M.'s benefits (as opposed to the ALJ's ISM calculation), he does not identify how the ALJ erred in applying the presumed value rule to determine ISM in this case. ECF 17, at 5–6. Indeed, the ALJ's decision makes clear that Plaintiff offered "no rebuttal . . . to using [the Presumed Value Rule]." Tr. 7. Because the ALJ's ISM determination was supported by factual evidence in the record and correct legal standards, I find that no error occurred and the decision was supported by substantial evidence.

Plaintiff's other argument—that the issue before the ALJ in this case was "no longer

---

[2] Indeed, the issue of whether adult children were living in F.W.M.'s house was not before the ALJ on remand, as this Court held in its September 18, 2019 opinion that substantial evidence supported the previous ALJ's factual finding on this issue. Tr. 4, 68.

*Flaubert M. o.b.o. F.W.M. v. Kijakazi*
Civil No. 21-3141-BAH
December 8, 2022
Page 5

justiciable" when decided—is also without merit.  ECF 17, at 1.  Specifically, Plaintiff argues that the issue of whether correct legal standards were applied in determining the correct amount of F.W.M.'s benefits became moot on June 4, 2020, when the SSA mailed Plaintiff a letter stating that SSA "owe[d] [F.W.M.] back SSI payments of $6,609.64 for January 2017 through March 2019."  *Id.* at 4; Tr. 227.  Plaintiff contends that because the SSA "acknowledged [illegally] withholding . . . $6,609.64," this Court's September 18, 2019, Order remanding this case for further analysis was "nullified" and the Court must now "adjudicate the case based on the substantial evidence on the record [before this Court] showing both the period the withholding began and how much was withheld."  ECF 17, at 1, 4 (brackets in original).

        The ALJ's decision makes no reference to the SSA's June 4, 2020, letter, and the letter itself does not explain why $6,609.64 in back payments were owed.  Tr. 1–8, 227–28.  Nonetheless, Plaintiff does not explain how the SSA's acknowledgment that it withheld back payments moots the sole issue that the ALJ considered on August 13, 2021—the proper calculation of ISM.  Because Plaintiff fails to adequately explain how this record evidence mooted the issue decided by the ALJ, this argument is unavailing.

        For these reasons, I find that substantial evidence supported the ALJ's determination of ISM in this case.  Accordingly, I will affirm the ALJ's August 13, 2021 decision.

## V.     <u>CONCLUSION</u>

        For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 17, is DENIED and Defendant's motion for summary judgment, ECF 19, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The clerk is directed to CLOSE this case.

        Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.


                        Sincerely,

                        /s/

                        Brendan A. Hurson
                        United States Magistrate Judge